JOHN QUINN *vs.* ENOCH P. FULLER.

A firm, who have purchased, for a good consideration and before maturity, a promissory note, given to one of the partners for his accommodation, cannot maintain an action thereon against the maker.

THIS was assumpsit on a promissory note, signed by the defendant, payable to one Carley, and by him indorsed.

. At the trial in the court of common pleas, before *Wells,*

C. J., it was in evidence that this note, with others, was signed by Fuller for the accommodation of Carley, to enable him to pay sundry debts, among which was a debt to one Farwell; that Carley indorsed the note in suit to Farwell in payment of his debt; that Farwell sold and transferred it, for a good consideration and before maturity, to the firm of Carley & Clapp, of which said Carley was a member; and that Carley & Clapp indorsed the same to the plaintiff after it became due.

The defendant contended, that the note declared on being an accommodation note, Carley, the accommodation payee, could not become a holder, so as to recover against the accommodation maker, nor could the firm of Carley & Clapp, of which Carley was a member. But the presiding judge instructed the jury, that the note declared on was originally an accommodation note; and that if the transfers from Carley to Farwell and from Farwell to Carley & Clapp were on good consideration, and before maturity, then the plaintiff, deriving a title from Carley & Clapp, could maintain an action on the note against the defendant. Under these instructions the jury returned a verdict for the plaintiff; whereupon the defendant excepted.

*S. G. Nash,* for the defendant.

There was no appearance for the plaintiff.

DEWEY, J.   There would be no doubt, if this action was instituted in the name of Carley, that the defence that it was a mere accommodation note executed by the defendant at the instance of Carley, would be a good defence. The further inquiry is, whether this defence would be equally good, in a suit by Carley and his copartner Clapp, as the note was received by the copartnership before maturity. We are satisfied that such must be the effect. As one of the parties, who must have been a plaintiff, if the action had been brought for the firm, is shown to have no right to recover, his co-plaintiff and partner is affected with notice of the want of consideration, and want of equity as to Carley, and the action wholly fails.   Chit. Bills, (10th Amer. ed.) 70; *Sparrow* v. *Chisman,* 9 B. & C. 241.   It being agreed that the note was

indorsed after it became due, and was in the hands of Car-
ley & Clapp at maturity, the plaintiff is subject to the like
defence, as if the action had been instituted in the names of
Carley & Clapp. *New trial ordered.*